UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIANNE LOUIE, *on behalf of herself and all others similarly situated*,<br><br>                                  Plaintiff,<br><br>                    -v-<br><br>CHARMING MEDICAL LIMITED, *et al.*,<br><br>                                  Defendants. | 25-CV-10535 (JPO)<br><br>MEMORANDUM AND ORDER |

J. PAUL OETKEN, District Judge:

Before the Court are competing motions to appoint lead plaintiffs and lead counsel in a putative securities class action against Charming Medical Limited ("Charming Medical"), its executives and directors, and related entity defendants.  For the reasons set forth below, the Court appoints Grant Albert, James McKnight, and Bernard Whelan (the "Charming Investor Group") as lead plaintiffs and Pomerantz LLP as lead counsel and denies the motion of Darryl Futch, Vinayagamoorthy Kaliyappan, and Sreekanth Kanala.

## I.    Background

Julianne Louie commenced this action on December 19, 2025.  (ECF No. 1 ("Compl.").) The complaint alleges that Charming Medical's share price surged over several weeks in late 2025 as a result of an illicit social-media-based promotion scheme that artificially inflated the company's stock price.  (*Id.* ¶ 4.)  On November 12, 2025, the Securities and Exchange Commission ordered that trading of Charming Medical's stock be halted, citing the fraudulent stock promotion scheme as the reason for the suspension.  (*Id.* ¶ 5.)  NASDAQ has extended the halt indefinitely.  (*Id.*)  The complaint alleges that Defendants failed in their duties to prevent the scam and seeks to represent a class of all persons and entities that purchased or otherwise

acquired Charming Medical's securities between October 21, 2025 and November 12, 2025, and who were damaged thereby. (*Id.* ¶¶ 9-10, 50.) On December 22, 2025, Louie published a notice to the class informing putative class members of the action and their right to file a motion for appointment as lead plaintiff by February 17, 2026. (ECF No. 36-1.)

The Charming Investor Group filed a motion to be appointed as lead plaintiffs on February 17, 2026. (ECF No. 33.) A Joint Declaration filed by the three members of the Charming Investor Group indicates that each member purchased Charming Medical securities during the class period and suffered losses as a result of the actions challenged in the Complaint.[1] (ECF No. 37-5 ¶¶ 2-4.) The Charming Investor Group submitted a damages analysis indicating that the three members collectively acquired 55,856 shares for $1,553,634. (ECF No. 37-2 at 2.)

A number of other movants also requested to be appointed as lead plaintiffs. (ECF No. 16 (motion of Charles Dunbar); ECF No. 19 (motion of Jonathan Bregman); ECF No. 22 (motion of I-Yin Chen); ECF No. 26 (motion of Darryl Futch, Vinayagamoorthy Kaliyappan, and Sreekanth Kanala); ECF No. 29 (motion of Ridgely Robson); ECF No. 32 (motion of Jesse Barlow, Joe Cameron, and Kyle Kelly).) All but one group of movants later withdrew or filed notices of non-opposition to competing motions to appoint lead plaintiff. (ECF No. 38 (Chen's notice of no-opposition); ECF No. 39 (Robson's notice of non-opposition); ECF No. 40 (Dunbar's notice of withdrawal); ECF No. 41 (Barlow, Cameron, and Kelly's motion of non-opposition); ECF No. 42 (Bregman's notice of non-opposition).) The Charming Investor Group subsequently filed an additional memorandum of law in support of its motion. (ECF No. 43.)

---

[1] The Declaration also notes that one member of the Charming Investor Group, James McKnight, pursues claims on behalf of himself and his wife, Jennifer McKnight, from whom he received a valid assignment of claims. (ECF No. 37-5 ¶ 3.)

The only remaining motion besides that of the Charming Investor Group is that of Darryl Futch, Vinayagamoorthy Kaliyappan, and Sreekanth Kanala (the "Futch Investors").  (ECF No. 26.)  The Futch Investors submitted a damages analysis indicating that its three members acquired 28,915 shares of Charming Medical securities for $828,023.05.  (ECF No. 28-2.)

## II.     Appointment of Lead Plaintiffs

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Court is to appoint as lead plaintiff the member or members of the purported class who is or are the "most capable of adequately representing the interests of class members," referred to in the statute as the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the "person or group of persons" that (1) "has either filed the complaint or made a motion in response to a notice"; (2) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *Id.* § 78u-4(a)(3)(B)(iii)(I).  "At this stage of litigation, Rule 23 demands only that a moving plaintiff make a preliminary showing that the adequacy and typicality requirements have been met."  *In re Kirkland Lake Gold Ltd. Sec. Litig.*, No. 20-CV-4953, 2020 WL 10692524, at *1 (S.D.N.Y. Sept. 24, 2020) (cleaned up).  Once the Court identifies a presumptive lead plaintiff, the presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class; or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Charming Investor Group is the most adequate plaintiff in this action.  It has satisfied the first requirement by timely filing a motion to be appointed lead plaintiff in response to a notice.  (ECF No. 33.)  As to the second requirement, "[w]hile the PSLRA does not provide any

explicit guidance about how to calculate the size of a given plaintiff's financial interest, courts in this Circuit have traditionally examined four factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate loss suffered during the class period." *Chun Huang v. Canntrust Holdings Inc.*, No. 19-CV-6396, 2020 WL 9077513, at *2 (S.D.N.Y. Apr. 16, 2020) (cleaned up).  Here, the Charming Investor Group has demonstrated that it purchased the greatest number of shares and net shares during the class period, at 55,856 shares compared to the Futch Group's 28,915 shares.  It has also demonstrated that it expended the most net funds during the class period, at $1,553,634 compared to the Futch Group's $828,023.05.  And adopting the movants' estimation of losses, which values each currently held share at $0.00, the Charming Investor Group also has suffered a greater loss at $1,553,634 compared to the Futch Group's $828,023.05.  (*Compare* ECF No. 43 at 6 *with* ECF No. 27 at 11.)  Under the relevant factors, Charming Investor Group is therefore indisputably the movant with the largest financial interest.

The Court also finds that the Charming Investor Group satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  "[A]s part of a PSLRA lead plaintiff motion, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *Afr. v. Jianpu Tech. Inc.*, No. 21-CV-1419, 2021 WL 1999467, at *3 (S.D.N.Y. May 19, 2021) (quotation marks omitted).  "Movants can demonstrate typicality by showing that their claims arise from the same conduct from which the other class members' claims and injuries arise, and they can demonstrate adequacy if they (1) have no conflict of interest with the other members of the class, (2) have sufficient interest in the outcome of the case, and (3) have selected counsel that is qualified, experienced, and generally

4

able to conduct the litigation in question." *May v. Barclays PLC*, No. 23-CV-2583, 2023 WL 5950689, at *5 (S.D.N.Y. Sept. 13, 2023) (cleaned up).  The Charming Investor Group's claims in this action are based on the same legal theory and arise from the same events and course of conduct as the class claims.  (*See* ECF No. 37-5 ¶¶ 2-4.)  The Charming Investor Group also satisfies the adequacy requirement, as the Charming Investor Group has no evident conflicts of interest with other class members, has the largest financial interest in this case, and—as discussed further below—has retained qualified counsel.  Moreover, there is no indication that appointment of the Charming Investor Group as lead plaintiff would unnecessarily risk duplication of effort, and the Joint Declaration establishes that the members of the relatively small Charming Investor Group "will function cohesively and separately from their lawyers." *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008); *see also Peters v. Jinkosolar Holding Co.*, No. 11-CV-7133, 2012 WL 946875, at *7 (S.D.N.Y. Mar. 19, 2012) ("[C]ourts appear to generally agree that a group comprising five or fewer members is appropriate.").

In sum, the Charming Investor Group is entitled to a presumption that it should be appointed as lead plaintiff, and because no class member has rebutted that presumption, the Court appoints the Charming Investor Group lead plaintiff.

### III.    Appointment of Lead Counsel

Under the PSLRA, the lead plaintiff is entitled, "subject to the approval of the court, [to] select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Charming Investor Group, which the Court has now appointed lead plaintiff, has chosen Pomerantz LLP to serve as lead counsel.  Pomerantz has extensive experience in securities fraud litigation (*see* ECF No. 37-6), and no class member has offered any reason why the firm would be ill-equipped to act as lead counsel in this consolidated action.  This Court therefore concludes, as have other courts

in this District, that Pomerantz is "well qualified to serve as lead counsel." *Pack v. LuxUrban Hotels Inc.*, No. 24-CV-1030, 2024 WL 3046258, at *6 (S.D.N.Y. June 18, 2024).

## IV.    Conclusion

For the foregoing reasons, the Court appoints the Charming Investor Group as lead plaintiff and Pomerantz LLP as lead counsel.  The parties are directed to confer and jointly file a proposed schedule for the filing of any amended complaint and briefing schedule for any motion to dismiss within fourteen days of the date of publication of this Memorandum and Order.

The Clerk of Court is directed to close the motions at Docket Numbers 16, 19, 22, 26, 29, 32, and 33.

SO ORDERED.

Dated:  April 13, 2026
         New York, New York

_____
J. PAUL OETKEN
United States District Judge

6